# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PRINCIPAL LIFE INSURANCE
COMPANY,

    *Plaintiff,*

vs.

KIMBERLY LOZAR and TYRA LOZAR,

    *Defendants.*

Case No. 15-cv-01073-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiff Principal Life Insurance Company ("Principal") brought this interpleader action to resolve a dispute to proceeds payable from a life insurance policy issued to Kenneth Lozar, the ex-husband of Defendant Kimberly Lozar ("Kimberly") and the husband of Defendant Tyra Lozar ("Tyra"). The Court entered a Final Decree of Interpleader on September 25, 2015, regarding Principal's claim. After the Decree was entered, Kimberly filed a Cross Claim and Amended Cross Claim against Tyra asserting fraud. In response, Tyra filed a Motion to Dismiss Amended Cross Claim for Lack of Subject Matter Jurisdiction (Doc. 30), which is currently before the Court. Because the Court declines to assert supplemental jurisdiction over Kimberly's claim, the Court grants Tyra's motion.

## I. Factual and Procedural Background

On March 12, 2015, Principal filed this interpleader action to resolve competing claims to a life insurance policy issued by Principal on the life of Kenneth Lozar. The policy was issued as an employment benefit through Kenneth Lozar's work at Pioneer Electric Cooperative. Principal invoked the Court's jurisdiction under 28 U.S.C. § 1331 and 20 U.S.C. § 1132(e)(1), alleging that the policy was an employment benefit and therefore governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et seq*. ("ERISA").

Kimberly filed her Answer on March 29, 2015, and Tyra filed her Answer on September 11, 2015, disclaiming any interest in the policy's proceeds. On September 25, 2015, the Court entered a Final Decree of Interpleader, which, among other remedies, allowed Principal to disburse the policy's proceeds, minus an amount for Principal's attorney fees, to Kimberly.

On October 10, Kimberly filed a Cross Claim against Tyra, which she amended on November 5, 2015. In her Amended Cross Claim, Kimberly asserts that the Court "had original jurisdiction pursuant to 28 U.S.C. 1331 and 29 U.S.C. 1332(e)(1) [sic] as the underlying life insurance policy was governed by" ERISA. She claims that her cross claim "arose out of the original Interpleader action and the same underlying life insurance policy" and that "jurisdiction is proper in this court." She requests damages in excess of $75,000 as a result of Tyra's "false and/or fraudulent action(s)."

On November 7, 2015, Kimberly filed a Partial Satisfaction of Judgment stating that "all issues between Plaintiff Principal Life Insurance and defendant Kimberly Lozar have been resolved and satisfied[,]" and that only the cross claim against Tyra remains to be resolved. Two days later, Tyra filed a Motion to Dismiss Amended Cross Claim for Lack of Subject Matter

Jurisdiction. Kimberly did not file a response to Tyra's motion. Therefore, the motion is ripe for the Court's consideration.

### III. Analysis

The Court had original jurisdiction over Principal's interpleader action regarding Kenneth Lozar's life insurance proceeds. That claim, however, has been dismissed, and the only remaining claim is Kimberly's state law fraud claim asserted against Tyra. The issue before the Court, therefore, is whether it is appropriate to assert supplemental jurisdiction over Kimberly's fraud claim.

Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides that in any case where a court has original jurisdiction over a claim, the district court may exercise supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[1] The statute further lists the circumstances in which a district court may decline to exercise supplemental jurisdiction.[2] One of these circumstances is when the court has "dismissed all claims over which it has original jurisdiction."[3] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[4] In determining whether to retain jurisdiction, a district court should look at "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[5]

---

[1] 28 U.S.C. § 1367(a).

[2] 28 U.S.C. § 1367(c).

[3] 28 U.S.C. § 1367(c)(3).

[4] *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (citing *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F2d 1472, 1478 (10th Cir. 1990)).

[5] *Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (citation omitted).

In this case, the Court has effectively resolved the only claim over which it had original jurisdiction—Principal's interpleader action—and there are no compelling reasons for it to exercise supplemental jurisdiction over Kimberly's fraud claim. Both parties live in Ulysses, Kansas. The case is in its initial stages, so little, if any, discovery has been completed. Furthermore, in addition to the parties, it is likely that all of the witnesses live or work in the Ulysses area. Judicial economy, fairness, and convenience, all point to Grant County, Kansas, as the appropriate forum for this claim. Therefore, the Court declines to assert supplemental jurisdiction and dismisses this case without prejudice.

**IT IS THEREFORE ORDERED** that Motion of Defendant, Tyra Loza, to Dismiss Amended Cross Claim Filed by Defendant Kimberly Lozar, for Lack of Subject Matter Jurisdiction (Doc. 30) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 1st day of March, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE